## UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

JUDAH HARGROVE,                              Case No. 1:05cv381

      Plaintiff

      vs

LARRY SCOTT, et al.,                         **ORDER**
      Defendants                          (Watson, J.)


      Plaintiff, an inmate at the Southern Ohio Correctional Facility (SOCF), brings this civil

action under 42 U.S.C. § 1983 alleging a violation of his constitutional rights.  Defendants are

SOCF Sgt. Larry Scott; former SOCF warden James Haviland; Reginald Wilkinson, the Director

of the Ohio Department of Rehabilitation and Correction (ODRC); SOCF administrative

assistant Larry Green; and SOCF warden Ed Vorhee.  By separate Order issued this date,

plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  This

matter is before the Court for a sua sponte review of the complaint to determine whether the

complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to

state a claim upon which relief may be granted or seeks monetary relief from a defendant who is

immune from such relief.  *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C.

§ 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

      A complaint may be dismissed as frivolous when the plaintiff cannot make any claim

with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989);

*see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990).  An action has no arguable

legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal

interest which clearly does not exist. *Neitzke,* 490 U.S. at 327.  An action has no arguable factual

basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez,* 504 U.S. 25, 32 (1992); *Lawler,* 898 F.2d at 1199.

Congress has also authorized the dismissal of complaints which fail to state a claim upon which relief may be granted or which seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b)(1-2). A complaint fails to state a claim for relief "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).

Plaintiff's complaint alleges the following facts. On December 16, 2004, plaintiff was issued a conduct report for masturbation. He was placed in Security Control pending a hearing on the conduct report. Plaintiff requested that three witnesses testify on his behalf, and explained the relevance of their testimony to Sgt. Scott, the hearing officer. Sgt. Scott agreed that the testimony of one witness would be relevant, but denied the request for the other two witnesses. When plaintiff appeared before the Rules Infraction Board (RIB), the RIB chairman indicated by way of an Inmate Rights Form that plaintiff had waived his right to call witnesses. Plaintiff then produced a form that had allegedly been discarded in a trash bin by Sgt. Scott showing one of his three witness requests was granted. Nevertheless, the RIB declined to call any witnesses on plaintiff's behalf at the hearing. Plaintiff was convicted of the charge and was sentenced to fifteen days in Disciplinary Control. He was also referred to the 4B committee for a determination as to whether his present security level, 4A, should be increased. It appears from the complaint that plaintiff's security level was increased to 4B, which plaintiff states prevents him from being eligible for parole. Plaintiff seeks monetary and injunctive relief.

Plaintiff's complaint, liberally construed, alleges a denial of due process in connection

2

with his disciplinary proceeding.  To state a procedural due process claim under § 1983, a plaintiff must allege facts showing he possessed a protected liberty or property interest, and that he was deprived of that interest without due process. *See Hahn v. Star Bank*, 190 F.3d 708, 716 (6th Cir. 1999), *cert. denied*, 120 S.Ct. 1423 (2000).  The United States Supreme Court has abandoned the analysis which scrutinizes state regulations which are claimed to give rise to an asserted liberty interest in favor of an examination of the nature of the deprivation itself.  *See Sandin v. Conner*, 515 U.S. 472, 481 (1995).  Under the Supreme Court's analysis in *Sandin*, the seriousness of the deprivation suffered guides the recognition of state-created liberty interests.

A prisoner can claim a protected liberty interest under two instances.  First, where the actions of prison officials have the effect of altering the term of an inmate's imprisonment, the Due Process Clause is implicated. *Sandin*, 515 U.S. at 487.  "[U]nder *Sandin* a liberty interest determination is to be made based on whether it will affect the overall duration of the inmate's sentence. . . ." *Jones v. Baker*, 155 F.3d 810, 812 (6th Cir. 1998).  Second, a liberty interest may be found where the restraints imposed by the state amount to an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." 515 U.S. at 484.  In *Sandin*, the Supreme Court held that a 30-day period of confinement in disciplinary segregation for 23 hours and 10 minutes per day "did not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest" for an inmate serving an indeterminate sentence of 30 years to life. 515 U.S. at 486.  *See also Jones*, 155 F.3d at 812; *Mackey v. Dyke*, 111 F.3d 460 (6th Cir. 1997), *cert. denied*,  118 S.Ct. 136 (1997); *Rimmer-Bey v. Brown*, 62 F.3d 789 (6th Cir. 1995).  Thus, inmates have no liberty interest in remaining free from disciplinary or administrative segregation where the State's action does not inevitably

affect the duration of an inmate's sentence or where the segregation does not impose an "atypical and significant" hardship on the inmate "in relation to the ordinary incidents of prison life." 512 U.S. at 483.

In the instant case, plaintiff claims he was denied due process in connection with his disciplinary hearing. However, plaintiff does not allege facts showing that his confinement in Disciplinary Control resulted in the lengthening of his prison sentence, the withdrawal of good-time credits, or the deprivation of any necessities of life. Nor does plaintiff's confinement in disciplinary segregation for fifteen days amount to an atypical and significant hardship. *Sandin*, 515 U.S. at 486; *Smith v. Corrections Corp. of America*, 5 Fed. Appx. 443, 444, 2001 W.L. 223873, **1 (6th Cir. 2001)(unpublished)(thirty days of disciplinary segregation does not rise to level of atypical and significant hardship). *See also Jones*, 155 F.3d at 812 (6th Cir. 1998)(administrative segregation for two and a half years did not satisfy *Sandin*); *Mackey v. Dyke*, 111 F.3d 460, 463 (6th Cir. 1997)(administrative confinement for 117 days for lack of bed space could not satisfy *Sandin*); *Collmar v. Wilkinson*, 187 F.3d 635 (6th Cir. 1999) (unpublished), 1999 W.L. 623708 (30 days in Security Control, 14 days in Disciplinary Control and six to eight months in Administrative Control were not atypical hardship under *Sandin*). Moreover, plaintiff's increased security classification does not constitute an atypical and significant hardship because heightened security status is one of the ordinary incidents of prison life. *See Workman v. Wilkinson,* 23 Fed. Appx. 439, 2001 W.L. 1450709 (6th Cir. 2001) (unpublished), citing *Sandin*, 515 U.S. at 484. Because plaintiff does not have a protected liberty interest in remaining free from Disciplinary Control, his complaint fails to state a due process claim. Therefore, plaintiff lacks a liberty interest sufficient to implicate the Due Process Clause.

4

The Court's conclusion is not altered by plaintiff's suggestion that the increase in his security status negatively impacts his eligibility for parole. The crux of plaintiff's contention is that the illegal disciplinary conviction caused an increase in his security status to level 4B and, by virtue of the increased security status, he is not eligible for parole. His allegations suggest that the denial of parole affects the duration of his confinement and implicates a protected liberty interest.

The disciplinary sanction in this case only prevented plaintiff from being *eligible* for parole. *Bradley v. Evans*, 229 F.3d 1150 (6th Cir.)(unpublished), 2000 W.L. 1277229, **8, *cert. denied*, 531 U.S. 1023 (2000). *See also Workman v. Wilkinson,* 23 Fed. Appx. 439, 2001 W.L. 1450709 (6th Cir. 2001)(unpublished). Even if plaintiff were not a level 4B security inmate, the grant of parole is wholly discretionary with the Ohio Adult Parole Authority. Nothing in Ohio law "requires the parole board to deny parole in the face of a misconduct report or to grant parole in its absence . . . even though misconduct is by regulation a relevant consideration." *Sandin v. Conner*, 515 U.S. 472, 487 (1995). The decision of whether to grant or deny parole is entirely within the discretion of the Ohio Adult Parole Authority and, even before the Supreme Court's decision in *Sandin*, Ohio prisoners had no constitutionally protected liberty interest in future release on parole. *Jago v. Van Curen*, 454 U.S. 14, 19-21 (1981); *Inmates of Orient Correctional Institution v. Ohio State Adult Parole Authority*, 929 F.2d 233, 235-36 (6th Cir. 1991); *Sharpe v. Leonard*, 611 F.2d 136, 137 (6th Cir. 1979). The fact that the RIB's guilty finding may have a negative implication on plaintiff's chance for parole is a collateral consequence of the disciplinary conviction that is insufficient to create a liberty interest. *Sandin*, 515 U.S. at 487. *See also Hawkins v. Abramajtys,* 230 F.3d 1358 (6th Cir. 2000)(unpublished), 2000 W.L.

5

1434695, **2 .  Therefore, plaintiff does not have a protected liberty interest that required due process protections.

Finally, granting plaintiff his requested relief would call into question the validity of his disciplinary conviction.  A prisoner found guilty in a prison disciplinary hearing cannot use § 1983 to collaterally attack the hearing's validity or the conduct underlying the disciplinary conviction. *Huey v. Stine*, 230 F.3d 226, 230-31 (6th Cir. 2000).  Since a favorable ruling on plaintiff's due process claim would imply the invalidity of his disciplinary conviction, his claim is not cognizable under § 1983.  *See also Edwards v. Balisok*, 520 U.S. 641, 648 (1997).

Accordingly, it is hereby **ORDERED** that plaintiff's complaint is **DISMISSED** for failure to state a claim upon which relief can be granted.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of this Court's Order would not be taken in good faith.  *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

**IT IS SO ORDERED.**

Date:   5/31/2005                                s/Michael H. Watson
                                                 Michael H. Watson
                                                 United States District Judge